IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES A NIEDERSTADT,

   Plaintiff,

v.   No. 22-cv-0764 MIS-LF

CORRECTIONAL SOLUTIONS GROUP, *et al*,

   Defendants.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on Plaintiff's Motions to Amend Prisoner Complaint (Docs. 12, 18, 19, 21, and 25) (Motions to Amend). Also before the Court are his Motions for Discovery, to Strike, and to Consolidate (Docs. 4, 17, and 20). Plaintiff is incarcerated and proceeding *pro se*. His First Amended Complaint alleges the Lincoln County Sheriff's Office violated his Fourth Amendment rights, but the nature of the violation is not entirely clear. *See* Doc. 9. After submitting that pleading, Plaintiff filed several supplements/letters containing additional allegations. *See* Docs. 10-11, 14, 16, and 22-24. These filings purport to add new allegations and defendants to the First Amendment Complaint.

      Fed. R. Civ. P. 15(a)(2) provides that leave to amend shall be freely given when justice requires. The Court will grant the Motions to Amend, in part, as Defendants are not yet required to appear in this case. *See* 28 U.S.C. § 1915A (prisoner complaints against government entities are subject to initial review, and the Court must dismiss any non-viable claims before service on defendants); 42 U.S.C. §1997e(g)(1)-(2) (addressing procedural requirements in prisoner cases and noting a defendant may decline to respond absent a Court order). However, the Court will

not accept the proposed piecemeal additions to the First Amended Complaint. *See McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) ("It is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action."). Plaintiff must file a single, amended complaint within thirty (30) days of entry of this Order. The amendment must comply with Fed. R. Civ. P. 8(a), which requires a short and plain statement of the grounds for relief. Plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

With respect to Plaintiff's Motion for Discovery, such request is premature. As noted above, Defendants are not required to appear in this case unless and until it survives initial review. *See* 28 U.S.C. § 1915A; 42 U.S.C. §1997e(g)(1)-(2). Prisoner complaints are similarly excluded from pre-trial case management procedures, including discovery obligations, under the local rules. *See* D.N.M. LR-Civ. 16.3(d); D.N.M. LR-Civ. 26.3(a)(1). The Court will therefore deny the Motion for Discovery without prejudice. Plaintiff may renew his request for discovery if his next complaint survives initial review.

As to Plaintiff's requests to strike and consolidate, no additional relief is available. The Motion to Strike (Doc. 17) does not clearly specify which pleading or claim, if any, Plaintiff seeks to omit. Even if it did, such relief may be moot; the next amendment will supersede all prior pleadings and render those documents "of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 Fed. App'x 730, 734 (10th Cir. 2005). The Motion to Consolidate (Doc. 20) appears to relate to discovery, notwithstanding the title. Plaintiff seeks documents from the state court that presided over his criminal case. Such will be denied as premature, for the reasons above.

Having resolved all pending motions, the Court must also address Plaintiff's failure to cure deficiencies as directed. The Court entered two prior orders directing Plaintiff to submit an inmate account statement reflecting transactions for a six-month period. *See* Docs. 2, 8. The statement is required by statute in all cases where, as here, the prisoner-plaintiff does not prepay the $402 filing fee. *See* 28 U.S.C. § 1915(a)(2). The deadline to file the statement has passed, and Plaintiff did not comply. Ordinarily, the Court would dismiss Plaintiff's case without prejudice based on the failure to cure as directed. However, Plaintiff submitted a letter stating: "If I was late on a deadline it is because [the jail] will not give me the stuff I need to correspond." Doc. 10 at 1. The Court discerns Plaintiff had some difficulty obtaining the six-month statement and will give him one more chance to comply. Within thirty (30) days of entry of this Order, Plaintiff must file an inmate account statement reflecting transactions for a six-month period or show cause why that is not possible. Plaintiff is warned that any viable show-cause response must detail his attempts to comply with § 1915(a)(2) and attach a copy of the official, signed request form submitted to prison officials. The failure to timely comply with both directives in this ruling (*i.e.,* file a single, amended complaint that complies with Rule 8(a) and a six-month inmate account statement) may result in dismissal of the case without further notice.

**IT IS ORDERED** that Plaintiff's Motions to Amend (**Docs. 12, 18, 19, 21, and 25**) are **GRANTED, in part**, as set forth above; and Plaintiff's Motions for Discovery, to Strike, and to Consolidate (**Docs. 4, 17, 20**) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall file: (1) a single, amended complaint as set forth above; and (2) an inmate account statement reflecting transactions for a six-month period.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a blank copy of the form prisoner civil rights complaint.

*Margaret Strickland*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE